UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Arthur Dale Senty-Haugen, | Case No. 23-cv-0033 (WMW/ECW) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Lucinda Jesson, Nancy Johnston, Dennis Benson, Kevin Moser, Terry Kneisel, Troy Basaraba, Ann Zimmerman, Steve Sayovitz, Juliana Beavens, Kevin Carlson, Rob Rose, Brian S. Ninneman, Sue Johnson, Sara Kulas, Jannine Hebert, Peter Puffer, Janel Lindgren, Yvette Anderson, Allison Collins, Angie Ottum, Kent Johanson, Gemma Watson, Troy Swartout, Darien Menten, Scott Benoit, Thane Murphy, Laurie Severson, Brandon Tatum, Gene Anderson, Ken Stewart, and Nicki Marvel, in their individual and official capacities, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") issued by United States Magistrate Judge Elizabeth Cowan Wright on February 13, 2023. (Dkt. 13.) Plaintiff Arthur Dale Senty-Haugen objects to the R&R, (Dkt. 14), and Defendants replied to Senty-Haugen's objection. (Dkt. 15.) For the reasons addressed below, the

Court overrules Senty-Haugen's objection, adopts the R&R and dismisses the action without prejudice.

## BACKGROUND

In September 2014, Plaintiff Arthur Dale Senty-Haugen and two other individuals initiated litigation against Defendants. *See Senty-Haugen et al v. Jesson et al*, Case no. 14-cv-03405 (JNE/DJF). Shortly thereafter, the case was stayed pending the resolution of *Karsjens, et al. v. Minnesota Department of Human Services, et al.*, Civil No. 11-3659 (DWF/JJK). In October 2022, an order lifting the stay was issued. Shortly after, Senty-Haugen moved to sever his claims from his co-plaintiffs and sought leave to amend the complaint.

Magistrate Judge Dulce J. Foster granted Senty-Haugen's motion in January 2023, (Dkt. 2), which gave rise to this new civil proceeding. Magistrate Judge Foster also ordered Senty-Haugen to file his amended complaint by February 2, 2023. Senty-Haugen failed to do so. Magistrate Judge Cowan Wright issued an R&R on February 13, 2023, which recommended dismissing this action pursuant to Rule 41(b), Fed. R. Civ. P., for failure to prosecute. Senty-Haugen filed an objection to the R&R, and Defendants filed a response to the objection.

## ANALYSIS

The Court reviews *de novo* those portions of an R&R to which a party objected and "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A party's objections to an R&R must "specify the portions of the magistrate judge's report and

recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008). Because Senty-Haugen is self-represented, the Court liberally interprets his objections. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

Although Senty-Haugen is *pro se*, he is not excused from complying "with court orders or substantive and procedural law." *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988). Senty-Haugen argues that he cannot provide an amended complaint because the original complaint was never provided to him. In support of this claim, Senty-Haugen provides that he has "limited access to legal materials." But, Senty-Haugen does not offer any legitimate excuse as to why he failed to provide an amended complaint.

The Court gave Senty-Haugen notice of the February 2, 2023 deadline. Senty-Haugen did not file his amended complaint, however. Senty-Haugen did not request an extension of time to file the amended complaint, and the record does not provide any information as to Senty-Haugen's efforts to obtain the previous complaint. Therefore, Senty-Haugen's objection is overruled, and the February 13, 2023 R&R is adopted. Accordingly, this matter is dismissed without prejudice, pursuant to Rule 41(b), Fed. R. Civ. P., for failure to prosecute. *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Arthur Dale Senty-Haugen's objections to the February 13, 2023 R&R, (Dkt. 14), are **OVERRULED**;

2. The February 13, 2023 R&R, (Dkt. 13), is **ADOPTED**; and

3. This action is **DISMISSED without prejudice**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 13, 2023                                s/Wilhelmina M. Wright
                                                                Wilhelmina M. Wright
                                                                United States District Judge